CARTER *v.* McBROOM.

(*Nashville.*    February 2d,  1887.)

1. CHANCERY PRACTICE.   *Exceptions to deposition.    Waiver of.    Appeal.*

The action of the Master sustaining an exception to a deposition is vacated by appeal; and under the provisions of Code (M. & V.), § 4626, and Chancery Rule 2, Section 5, the exception is waived, unless the appeal is called up, and disposed of by the Court, before commencement of the hearing of the cause.

Code cited: § 4626 (M. & V.) ; § 3868 (T. & S.) ; Ch. Rule 2, Section 5.

Cases cited and approved: Hawkins *v.* McNamara, 1 Heis., 352; Rhea *v.* McCorkle, 11 Heis., 415; Brandon *v.* Mullenix, 11 Heis., 446.

2. SAME.    *Order nunc pro tunc.    Made upon insufficient evidence.*

A *nunc pro tunc* entry should not be made by a Judge who did not make the original order, upon the mere statement of counsel, excepted to by opposing counsel, that such order was made.   (See Shea *v.* Mabry, 1 Lea, 319.)

3. SAME.    *Same.    Appeal, when granted and perfected..*

Where an order is passed, but not entered of record, granting an appeal upon appellant's giving bond, and the appellant fails to give the bond, the Court cannot at a subsequent term, upon entering such order *nunc pro tunc*, renew the right of appeal, or grant an appeal.

---

FROM  CANNON.

---

Appeal from Chancery Court of Cannon County. JOSEPH L. CANNON, Sp. Ch.

GRIBBLE & WEBB for Carter.

ST. JOHN & FINLAY, JONES & CUMMINGS, BURTON & BURNS, for McBroom.

SNODGRASS, J. The only specific exception of importance in this case made to the report of the Commission of Referees is that the Commission erred in looking to the deposition of J. W. Nichols. This deposition was excepted to before the Master. The exception was sustained and appeal granted. No action was taken on the appeal, and no exception made, on the hearing, to the reading of the deposition.

It is well settled that where the Master has sustained an exception, and there is no appeal, his action is conclusive; and if it appear that the deposition was offered to be read, and rejected for the reason given, it will not be error. *Hawkins* v. *McNamara*, 1 Heis., 352; *Rhea* v. *McCorkle*, 11 Heis., 415; *Brandon* v. *Mullenix*, 11 Heis., 446.

But if the Clerk and Master sustains an exception, and allows an appeal, the appeal vacates his action; and unless the Court is called upon to act upon the appeal the exception will be waived. Both the Code and the Chancery Rules provide that such exception must be made and "*disposed of*" before the commencement of the hearing, or it will be considered as waived. New Code, § 4626; Chancery Rule 2, § 5, page 1204.

It is not, however, necessary to notice any objections to the report of the Commission. The appeal in this case was improperly allowed, and cannot be entertained. A decree was rendered at one term ordering an account. At the succeeding term another Judge revived this order of reference

and then granted an appeal. The order entered was as follows:

"It further appearing that an appeal was prayed and granted to Defendants Nichols and Dickens at the last term of the Court from the decree rendered, and the same was not made of record (it is so done) now as of then; and the Clerk will make up the record in said cause. This order is granted upon the statement of counsel for the defendants, made in open court, to which order solicitors for complainants except. Appeal is allowed to the next term of the Supreme Court upon giving bond as required by law, which is done."

This order was clearly erroneous. If all its recitals were allowable "upon the statement of defendant's counsel," it would not justify the grant of this appeal, because it does not recite that bond was then (at the former term) given, or offered to be given, or time taken to give bond, and would at most but show a prayer for appeal granted, and no appeal effectuated by the execution of bond or taking the proper oath. If the order alleged to have been made at the last term had been in fact made then and entered then, it would not have shown an appeal perfected, but would remain on the minutes without force or vitality.

The *nunc pro tunc* order, however, is recited to have been made by a Judge who did not make the original order, and who neither knew anything about it nor had any evidence of it what-

ever, "upon the statement of defendant's counsel" that such an order was made, complainant's objecting. It is too clear for controversy that the order *nunc pro tunc* could not have been made upon such want of evidence, and it is a nullity.

The appeal must be dismissed with cost.